## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE:

ALICIA BETH ADAIR,                      CASE NO.: 23-30181-KKS
                                        CHAPTER: 7
    Debtor.

_____/

MICHAEL BRUCE GOODMAN,

   Plaintiff,

v.                                      ADV. NO.: 23-03007-KKS

ALICIA BETH ADAIR,

    Defendant.

_____/

### MEMORANDUM OPINION AND ORDER GRANTING *DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED* (ECF NO. 21)

THIS ADVERSARY PROCEEDING came before the Court for hearing on February 6, 2024, upon the *Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted* ("Motion to Dismiss," ECF No. 21) and Plaintiff's

Response with incorporated memorandum of law.[1] At the hearing, attorney Martin S. Lewis appeared for Defendant, Alicia Beth Adair ("Defendant" or "Adair"), and attorney Shari Thieman-Greene appeared for Plaintiff, Michael Bruce Goodman ("Plaintiff" or "Goodman"). Having reviewed the Motion to Dismiss, the Response, and applicable case law, and having heard argument of counsel, the Court determines that the Motion to Dismiss is due to be granted. The Court announced its ruling at the conclusion of the hearing.[2]

The Court has jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J). The Motion to Dismiss was timely filed pursuant to Federal Rules of Civil Procedure 12(b)(6) as incorporated by Rule 7012, Fed. R. Bankr. P.

---

[1] *Plaintiff Michael Bruce Goodman's Response to Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted (ECF 21), and Plaintiff's Incorporated Memorandum of Law*, ECF No. 24 ("Response").

[2] ECF No. 25. The Court instructed Defendant's counsel to submit a proposed order, which he did.

## BACKGROUND

Defendant owes money to Plaintiff on account of a loan Plaintiff made to Defendant a few years ago while the parties were romantically involved. In short, Defendant wanted to purchase a home but did not have the money and apparently could not qualify for a loan with which to do so. In March of 2018, Plaintiff loaned Defendant $207,587.82.[3] Defendant executed a Loan Agreement in favor of Plaintiff,[4] and used this money with which to purchase a home.[5] After the parties separated and Defendant stopped paying, Plaintiff sued Defendant in state court for breach of contract, equitable estoppel and fraudulent transfer (seeking to impose a constructive trust or lien on Defendant's home).[6] The state court entered a partial summary judgment for Plaintiff and against Defendant for breach of contract on July 16, 2020.[7]

On February 25, 2022, the state court conducted a trial on the other counts.[8] At the conclusion of the trial, the state court entered judgment on those counts in favor of Defendant and against Plaintiff, leaving

---

[3] *Creditor Michael Bruce Goodman's Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge*, ECF No. 14 ("First Amended Complaint"), ¶¶ 15 and 17.
[4] *Id.* at ¶ 17.
[5] *Id.* at ¶ 18.
[6] *Final Judgment*, ECF No. 14-1, ¶¶ 1–3.
[7] *Id.* at ¶ 2.
[8] *Id.* at ¶ 3.

Plaintiff with only a money judgment for breach of contract.[9] On April 27, 2022, the state court entered a Final Judgment for breach of contract in favor of Plaintiff and against Defendant in the amount of $207,587.82, plus pre- and post- judgment interest.[10] The parties later stipulated to an additional award of $60,000 to Plaintiff as and for Plaintiff's attorneys' fees and costs.[11] Plaintiff then began efforts to collect on the judgment.

After Defendant filed her Chapter 7 petition, Plaintiff filed and docketed the same pleading several times in the administrative Chapter 7 case.[12] Plaintiff first filed that pleading, which the Court refers to as "objection/motion," at 11:17 p.m. CDT on July 3, 2023, which was just before the midnight deadline for filing complaints objecting to discharge and dischargeability.[13] After briefing by the parties, the Court held that

---

[9] *Id.* at p. 3, ¶ A. The state court specifically found that "Goodman has failed to prove Fraudulent Transfer . . . ." *Id.*

[10] *Id.* at ¶ B.

[11] *Order Awarding Plaintiffs' [sic] Attorneys' Fees and Taxable Costs*, ECF No. 14-3.

[12] As further described below, Plaintiff filed the same document multiple times using different, unrelated docket events. This created confusion for Defendant and the Court. *See* fn. 13, *infra.*

[13] *Creditor Michael Bruce Goodman's Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge, In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. July 3, 2023), ECF No. 22. Plaintiff incorrectly docketed this pleading as an objection to claim. Plaintiff then filed the exact same document again on July 4, 2023, at 6:49 a.m. EDT, this time incorrectly docketing it as an objection to Debtor's claim of exemptions (ECF No. 23). Plaintiff filed the exhibits to the objection/motion separately, twice, and docketed them as "exhibit to Creditor Goodman [sic] Objection to Exemption." (ECF No. 24). Finally on July 6, 2023, Plaintiff filed the same objection/motion, with exhibits, and docketed that as "Objection to Discharge of Debt *(corrective filing),*" (ECF No. 28).

4

because Plaintiff filed the first objection/motion before the deadline, the corrected objection/motion with exhibits (ECF No. 28) would be construed as a timely complaint objecting to dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A); the Court reserved ruling on whether Plaintiff timely filed any claim for relief under 11 U.S.C. § 727.[14] As directed by the Court, on October 5, 2023, the Clerk docketed the corrected objection/motion in this adversary proceeding as the First Amended Complaint.[15]

## DISCUSSION

### Motion to Dismiss Standard

In addressing a defendant's motion to dismiss, the Court must accept the factual allegations in the complaint as true and take them in the light most favorable to the plaintiff.[16] To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[17] and the grounds upon

---

[14] *Order Construing Creditor Michael Bruce Goodman's Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge (ECF 22) As a Timely § 523 Complaint, In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. Oct. 5, 2023), ECF No. 53, pp. 15–16.

[15] To clarify the record in this adversary proceeding, the Court entered a separate order dismissing the "Complaint" Plaintiff filed approximately three (3) weeks after the deadline. *See Order Dismissing Plaintiff/Creditor Michael Bruce Goodman's Adversary Complaint To Determine Dischargeability of Debt*, ECF No. 29.

[16] *Melon Acres, Inc. v. Navarette (In re Villa)*, 625 B.R. 111, 116 (Bankr. N.D. Fla 2021) (citations omitted).

[17] Fed. R. Civ. P. 8(a)(2), applicable by Fed. R. Bankr. P. 7008.

which the relief rests.[18] As previously stated by this Court:

> This standard requires more than labels and conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. To determine whether to grant or deny a motion to dismiss, the Court should assume the veracity of well-pleaded facts and then determine whether they plausibly give rise to an entitlement to relief. At the motion to dismiss stage, the question before the Court is not what Plaintiff could ultimately prove, but whether Plaintiff has adequately alleged each element of a plausible claim.[19]

## The Section 523(a)(2)(A) Claim

In the First Amended Complaint, Plaintiff cites various subsections of 11 U.S.C. § 523(a) and requests that Defendant's debts to him not be discharged.[20] Taking all of the allegations in the First Amended Complaint as true, none of those allegations support a ruling that Defendant's debt to Plaintiff was obtained "by false pretenses, a false representation, or actual fraud" as required by 11 U.S.C. § 523(a)(2)(A).

Plaintiff alleges only a few facts and events that occurred before he loaned the money to Defendant. Those facts are: 1) the parties were in a romantic relationship; 2) Defendant wanted to purchase a home but did

---

[18] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[19] *Melon Acres,* 625 B.R. at 116 (internal citations and quotation marks omitted).

[20] *See* ECF No. 14, p. 1–3; p. 25, ¶ 60; p. 26, ¶ 62–63.

not have the financial means to do so; 3) the parties agreed that Plaintiff would loan Defendant the money; 4) and Plaintiff did so because of the parties' "confidential relationship."[21] All other facts in the First Amended Complaint relate to actions, or inaction, by Defendant *after* Plaintiff made the loan.[22]

In response to the Motion to Dismiss, Plaintiff insists that he "sufficiently pled" that Defendant "committed fraudulent activity when the debt was incurred . . . ."[23] Although Plaintiff used those words, he alleged no facts to back them up. According to Plaintiff, "[Defendant] never intended to apply for a mortgage" and she "made fraudulent misrepresentations to . . . induce him to lend her the money."[24] These allegations, even if true, are insufficient to support a § 523(a)(2) cause of action. To support a claim under § 523(a)(2)(A), a misrepresentation must be of an existing fact. A declaration of intention or promise to do something in the future does not suffice.[25] A case Plaintiff cites, and on

---

[21] ECF No. 14 at ¶¶ 12–18.

[22] *Id.* at ¶¶ 6–10, 19–55.

[23] ECF No. 24, ¶ 5.

[24] *Id.*

[25] *See Abbott v. Hanley (In re Hanley)*, Case No. 08-17056-JNF, Adv. No. 08-1381, 2009 WL 2827952 (Bankr. D. Mass. Sept. 1, 2009) (holding that a promise of future action–debtor's representation that he would have his sister execute a mortgage that he would record–is insufficient to support a claim under § 523(a)(2)) (citing cases). *See also In re Showalter,* 86 B.R. 877, 890 (Bankr. W.D. Va. 1988) (finding that to satisfy the representation element of

which Plaintiff relies for a different proposition, reached the same conclusion: "a debtor's representation of intent to perform an act in the future will generally not form the basis of a false representation that is actionable under § 523(a)(2)(A)."[26]

Plaintiff's claim that Defendant agreed to repay the loan by refinancing within one year cannot support a § 523(a)(2)(A) claim for another reason: it is not true. Before Defendant filed her Chapter 7 petition, the state court held, after a trial, that "[t]here was no specific oral agreement between the parties as to when [Defendant] Adair would apply for a mortgage."[27] The state court's ruling is collateral estoppel on this issue.[28]

---

§ 523(a)(2) the plaintiff must demonstrate "that the representation was one of existing fact and not merely an opinion, expectation or declaration of intention. . . . A mere promise to repay, and nothing more, does not rise to the level of a representation under § 523(a)(2)." (citing *In re Criswell,* 52 B.R. 184, 197 (Bankr. E.D. Va. 1985)); *Williams v. White (In re White),* 412 B.R. 860, 866 (Bankr. W.D. Va. 2009) (finding that plaintiff failed to demonstrate that defendant's statements made at the time of the transaction were anything more than a promise to do something in future).

[26] *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, Case No. 13-71735, Adv. No. 13-5450, 2014 WL 4582028, at *2 (Bankr. N.D. Ga. June 30, 2024) (citation omitted).

[27] *Final Judgment*, ECF No. 14-1, ¶ 3(A)(iv). The state court further held that even if there was some type of oral agreement for Defendant to apply for a mortgage, the Defendant complied: "Adair claimed that she applied for a mortgage two weeks prior to the Non-Jury Trial date, and that her application was denied." *Id.*

[28] *See McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877–78 (11th Cir. 2015) ("In this circuit, a party seeking to apply the doctrine of collateral estoppel must establish: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue

The First Amended Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(2)(A). Plaintiff alleges no facts that could support a conclusion that the debt was *obtained by* false pretenses, a false representation or actual fraud.

## The Section 727 Claim

Plaintiff filed nothing timely that mentions § 727 or denial of Defendant's discharge. The First Amended Complaint, which the Court permitted as a timely § 523(a)(2)(A) complaint, does not provide Defendant with adequate notice of a cause of action under § 727.

### The Section 727 Claim is untimely.

The 341 Meeting Notice entered in Defendant's administrative case is abundantly clear: "**You must file a** *complaint* if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7) . . . ."[29] Bankruptcy Rule 4004(a), which governs § 727 objections to discharge, is equally clear: "In a chapter 7 case, a *complaint* . . . objecting to the debtor's discharge *shall*

---

in the prior litigation."). The identical issues at stake in the state court were whether Defendant agreed to repay Plaintiff by refinancing within a year and then breached that agreement.

[29] *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline*, *In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. Mar. 21, 2023), ECF No. 8, p. 2 (emphasis in added).

be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."[30]

Citing excusable neglect (a lightning strike that damaged equipment on the eve of the expiring deadline), Plaintiff moved for an extension of time to object to Defendant's discharge after the deadline to do so had expired.[31] This Court properly denied that motion.[32] No extension of time to file § 727 complaints due to excusable neglect is available.[33]

In *United Community Bank v. Harper*, creditor's counsel did not begin attempting to upload a § 727 complaint until 11:45 p.m. the day of the deadline.[34] After several attempts to upload the complaint and exhibits, and apparent computer "freezes," creditor's counsel's office was finally able to upload the complaint at 12:02:44 the following day.[35] After a thorough analysis of case law pertaining to equitable tolling of the deadline to file § 727 complaints, the court granted the debtor's motion

---

[30] Fed. R. Bankr. P. Rule 4004(a) (emphasis added).

[31] *Creditor Michael Bruce Goodman's Motion to Enlarge Time to File Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge, and Incorporated Memorandum of Law, In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. July 5, 2023), ECF No. 26.

[32] *Order Denying Creditor Michael Bruce Goodman's Motion to Enlarge Time to File Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge, and Incorporated Memorandum of Law (ECF No. 26), In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. Aug 10, 2023), ECF No. 38.

[33] *See BiTech, Inc. v. Withrow (In re Withrow)*, 570 B.R. 452, 458–459 (Bankr. N.D. Ga. 2017).

[34] *United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251, 254 (Bankr. N.D. Ga. 2013).

[35] *Id.*

to dismiss the complaint as untimely, observing that computer freezes are not extraordinary, and had the creditor's counsel been "a hair more diligent and prepared for just such an eventuality," the matter would never have come before the court.[36] Although courts have acknowledged that Bankruptcy Rule 4004 is not jurisdictional, equitable tolling as to filing complaints objecting to discharge under that rule still requires the party requesting an extension of time to show that it lacked actual notice of the filing requirement.[37] Plaintiff here had ample notice of the filing deadline for § 727 complaints.

<u>The First Amended Complaint, although construed as timely, does not provide adequate notice of a § 727 Claim.</u>

Bankruptcy Rule 7008 incorporates Rule 8, Fed. R. Civ. P., which requires that a pleading stating a claim for relief contain a "short and plain" statement of the claim showing the pleader is entitled to relief, "*and a demand for the relief sought* . . . ."[38] The First Amended Complaint is neither short nor plain, nor does it contain a demand or request for denial of Defendant's discharge.

---

[36] *Id.* at 260.
[37] *See Gbaz, Inc. v. Conte (In re Conte),* Case No. 21-13189, Adv. No. 21-1078, 2022 WL 1216280, at *2, (Bankr. N.D. Ohio, Apr. 25, 2022) (citing cases).
[38] Fed. R. Bankr. P. 7008; Fed. R. Civ. P. 8(a)(3) (emphasis added).

The only fact allegations that could pertain to a potential objection to discharge pursuant to 11 U.S.C. § 727 are buried in the memorandum of law portion of the First Amended Complaint entitled: "Incorporated Memorandum of Law and Argument in Support of Goodman's Objection to Adair's Request to Discharge Goodman's Debts."[39] Inserting allegations of fact within a memorandum of law that specifically requests certain debt to be held nondischargeable (a § 523 cause of action), with no mention of § 727 or denial of discharge, does not satisfy the notice requirements of the Federal Rules of Civil Procedure.

Each of the Motions that became the First Amended Complaint, and the First Amended Complaint itself, state that Plaintiff seeks relief under "11 U.S.C. § 523(a)," and "objects to [the] discharge of the debts ADAIR owes to GOODMAN."[40] In the "wherefore" clauses, of the Motions and First Amended Complaint Plaintiff requests that the Court "deny Debtor Alicia Beth Adair's request to discharge Goodman's debt[.]"[41]

---

[39] ECF No. 14, p. 3 (original text is in bold font, all capitals).

[40] *Creditor Michael Bruce Goodman's Objection to Adair's Discharge/Motion to Except Goodman's Debts from Discharge*, *In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. July 6, 2023), ECF Nos. 22 & 28 ("Motions"), p. 1; First Amended Complaint, ECF No. 14, p. 1.

[41] Motions, *In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. July 6, 2023), ECF Nos. 22 & 28, p. 3; First Amended Complaint, ECF No. 14, p. 3. Elsewhere in the same documents, Plaintiff states: "it is possible that more than one of the exceptions in § 523(a) apply to a scenario[,]" and cites §§ 523(a), 523(a)(2), and 523(a)(6) of the Bankruptcy Code. Motions, *In re Adair*, Case No. 23-30181-KKS (Bankr. N.D. Fla. July 6, 2023), ECF Nos. 22 & 28, p. 34; First Amended Complaint, ECF No. 14, p. 34.

12

In *Guwisco, Inc. v. De Jesus (In re De Jesus)*, a creditor sought, and the bankruptcy court granted, a second extension of time to object to the discharge of "its debt."[42] The creditor then filed a two-count complaint: one count seeking non-dischargeability of debt under § 523, and the other seeking denial of the debtor's discharge under § 727.[43] The bankruptcy court granted the debtor's motion to dismiss the § 727 count because the creditor had only requested an extension of time to seek nondischargeability under 11 U.S.C. § 523, stating that "[t]he creditor must be specific in requesting an extension of time for both causes of action."[44]

## CONCLUSION

By the time Defendant filed her Chapter 7 petition, she and Plaintiff had been in litigation for over three and a half years. Plaintiff discovered everything that could give rise to denial of discharge or nondischargeability of debt at or prior to the § 341 Meeting, which Plaintiff's counsel attended. Assuming the facts alleged as to

---

[42] *Guwisco, Inc. v. De Jesus (In re De Jesus)*, Case No. 20-04339-MCF, Adv. No. 21-00058-MCF, 2022 WL 3135289, at *3 (Bankr. D.P.R. Aug. 4, 2022).
[43] *Id.*
[44] *Id.* (citing *BiTech*, 570 B.R. at 455). *See also In re Tomczak*, Case No. 00-12096F, 2000 WL 33728176, at *1 (Bankr. E.D. Pa. July 19, 2000) (finding the debtor had adequate notice that the creditor sought denial of his discharge because the motion (filed instead of a complaint) made "reference to certain provisions of the Code which address denial of a bankruptcy discharge: *viz,* 11 U.S.C. § 727(a)(2) (4) (5) [sic].").

13

§ 523(a)(2)(A) to be true, the First Amended Complaint fails to state a cause of action for nondischargeability of debt. The First Amended Complaint is not sufficient to have put Defendant on notice of any § 727 claim because it mentions neither denial of discharge nor § 727. The "Complaint" filed weeks after the deadline for § 727 complaints and this Court's denial of Plaintiff's motion for an extension of time, specifically alleges § 727 and objection to discharge but was filed too late.

For the reasons stated, it is

ORDERED:

1. *Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted* (ECF No. 21) is GRANTED.

2. The First Amended Complaint (ECF No. 14) is DISMISSED WITH PREJUDICE.

DONE and ORDERED on March 18, 2024 .

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: Counsel for Defendant is directed to serve a copy of this order on interested parties and file a certificate of service within 3 days of entry of the order.